UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cause No. 1:02-cr-0167 LJM-KPF |
| | ) | |
| CORY TERRELL, | ) | |
| | ) | |
| Defendant. | ) | |

## **MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter is before the undersigned U. S. Magistrate Judge pursuant to the Order entered by the Honorable Larry J. McKinney, Judge, on March 6, 2012, designating this Magistrate Judge to conduct hearings on the Petition for Summons or Warrant for Offender Under Supervision, filed with the Court on February 29, 2012, and to submit to Judge McKinney proposed Findings of Facts and Recommendation for disposition under Title 18 U.S.C. §§3401(i) and 3583(e). All proceedings in this matter were held on March 22, 2012, pursuant to Title 18 U.S.C. §3583, and Rule 32.1(a)(1) of the *Federal Rules of Criminal Procedure*.[1] The government appeared by Barry Glickman, Assistant United States Attorney; the defendant appeared in person with his retained counsel, Dorie Maryan; and Tim Hardy, U.S. Parole and Probation officer, appeared and participated in the proceedings.

---

[1] All proceedings are recorded by suitable sound recording equipment unless otherwise noted. *See*, Title 18, United States Code, Section 3401(e).

The Court conducted the following procedures in accordance with Rule 32.1(a)(1) *Federal Rules of Criminal Procedure* and Title 18 U.S.C. §3583:

1. A copy of the Petition for Revocation of Supervised Release was provided to Mr. Terrell and his counsel who informed the Court that they had read and understood the specifications of each alleged violation and waived further reading thereof.

3. Mr. Terrell was advised of his right to a preliminary hearing and its purpose in regard to the alleged specified violations of his supervised release contained in the pending Petition.

4. That Mr. Terrell would have a right to question witnesses against him at the preliminary hearing unless the Court, for good cause shown, found that justice did not require the appearance of a witness or witnesses.

5. That Mr. Terrell had the opportunity to appear at the preliminary hearing and present evidence on his own behalf.

6. That if the preliminary hearing resulted in a finding of probable cause that Mr. Terrell had violated the alleged condition or conditions of supervised release set forth in the Petition, he would be held for a revocation hearing before the undersigned Magistrate Judge, in accordance with Judge McKinney's designation on March 6, 2012.

7. Ms. Maryan stated that Cory Terrell would stipulate there is a basis in fact to hold him on the specifications of violations of supervised release set forth in the Petition. Mr. Terrell orally waived the preliminary examination and he was held to answer.

8. Mr. Terrell, by counsel, stipulated that he committed specifications of violations numbered 1, 2 and 3 set forth in the Petition for Warrant or Summons for an Offender Under Supervision, filed with the Court as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"The defendant shall refrain from the excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except prescribed by a physician."** |
| 2 | **"The defendant shall not illegally possess a controlled substance."** |
| 3 | **"The defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered."** |

          On October 31, 2011, a Request for Modifying the Conditions or Term of Supervision was filed alleging the offender tested positive for cocaine on September 20, 2011. Mr. Terrell admitted his use of cocaine was an isolated incident and his conditions of release were modified to include participation in drug treatment.

          On January 26 and January 31, 2012, urine specimens were collected which tested positive for cocaine. Mr. Terrell was participating in substance abuse counseling at Volunteers of America at the time.

          On February 13, 2012, during an office visit, Mr. Terrell was confronted about the positive drug screens above. He admitted to the use.

The Court placed Mr. Terrell under oath and directly inquired of him whether he admitted specifications of violations of his supervised release set forth above. Mr. Terrell stated that he admitted the above violations as set forth. The Court now finds there is a basis in fact for his admissions and accepts same.

Counsel for the parties further stipulated to the following:

    1)     Mr. Terrell has a relevant criminal history category of I, U.S.S.G. §7B1.4(a).

2) The most serious grade of violation committed by Mr. Terrell constitutes a Grade B violation, pursuant to U.S.S.G. §7B1.1(b).

3) Pursuant to U.S.S.G. §7B1.4(a) upon revocation of supervised release, the range of imprisonment applicable to Mr. Terrell is 4-10 months.

4) The parties did not agree as to the appropriate disposition for Mr. Terrell's violations of the conditions of supervised release.

9. The defendant, by counsel, and the government each presented evidence regarding appropriate disposition of the case.

The Court having heard the evidence and/or arguments of the defendant and his counsel, and the government, now finds that Mr. Terrell violated the specified conditions of supervised release as delineated in the Petition to Revoke his supervised release.

Mr. Terrell's supervised release is therefore **REVOKED** and he is sentenced to the custody of the Attorney General or his designee for a period of 7 months in a federal medical center, preferably the Federal Medical Center in Lexington, Kentucky. Upon release from imprisonment, Mr. Terrell will not be subject to supervised release.

The Magistrate Judge requests that Tim Hardy, U. S. Parole and Probation Officer, prepare for submission to the Honorable Larry J. McKinney, Judge, as soon as practicable, a supervised release revocation judgment, in accordance with these findings of facts, conclusions of law and recommendation.

Counsel for the parties and Mr. Terrell stipulated in open court waiver of the following:

1. Notice of the filing of the Magistrate Judge's Report and Recommendation;

2. Objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §636(b)(1)(B); Rule 72(b), *Federal Rules of Civil Procedure*, and S.D.Ind.L.R.72.1(d)(2), *Local Rules of the U.S. District Court for the Southern District of Indiana.*

Counsel for the parties and Mr. Terrell entered the above stipulations and waivers after being notified by the undersigned Magistrate Judge that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C. §3561 *et seq.* and Rule 32.1 of the *Federal Rules of Criminal Procedure* and may reconsider the Magistrate Judge's Report and Recommendation, including making a *de novo* determination of any portion of the Report or specified proposed findings or recommendation upon which he may reconsider.

WHEREFORE, the U. S. Magistrate Judge **RECOMMENDS** the Court adopt the above recommendation revoking Mr. Terrell's supervised release and imposing a sentence of imprisonment of 7 months in the custody of the Attorney General. It is recommended he serve his confinement at the Federal Medical Center in Lexington, Kentucky. Further, upon Mr. Terrell's release from confinement, he will not be subject to a term of supervised release.

IT IS SO RECOMMENDED this 26th day of March, 2012.

	Kennard P. Foster, Magistrate Judge
	United States District Court

Distribution:

Barry Glickman,
Assistant U. S. Attorney
10 West Market Street, Suite 2100
Indianapolis, IN 46204

Dorie Maryan,
135 North Pennsylvania Street, #1175
Indianapolis, IN 46204

U. S. Parole and Probation

U. S. Marshal